UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:10-cr-84 |
| ) | *Judge Mattice* |
| ELLIS HUGHLETT ) | |

## **MEMORANDUM AND ORDER**

Defendant Ellis Hughlett ("Defendant") was sentenced on December 13, 2010, to 120 months imprisonment on one count of possession with the intent to distribute 50 grams of crack cocaine. The judgment was entered on January 4, 2011 (Doc. 21). Defendant sent the Court a letter, dated June 9, 2011, requesting a delayed appeal but failed to file a proper motion. On June 12, 2011, Defendant sent the Court of Appeals for the Sixth Circuit a letter requesting a delayed appeal which the appellate court sent to the Clerk's Office in the Eastern District of Tennessee at Chattanooga instructing it to file the document as a notice of appeal and noting the notice was filed out of time (Doc. 22).

I.  **Timeliness of Defendant's Appeal**

A notice of appeal by the defendant in a criminal case must be filed within fourteen days of entry of judgment. Fed.R.App.P. 4(b)(1)(A). To the extent Defendant's document is a notice of appeal it is untimely as it was filed more than six months after entry of his criminal judgment.

The document actually requests permission to filed a delayed appeal (Doc. 22). A district court may, upon a finding of excusable neglect, before or after the time has expired, extend the time to file a notice of appeal for a period not to exceed thirty days from the time otherwise prescribed by Rule 4(b)(1)(A). *See* Rule 4(b)(4).

Defendant's fourteen days from entry of judgment lapsed on January 18, 2011, and upon a finding of excusable neglect pursuant to Rule 4(b)(4), the time could have been extended until February 17, 2011. Notably, Rule 4(b)(4) bars the Court from reinstating a defendant's appellate rights after more than 44 days have elapsed since the entry of judgment. Consequently, because Defendant's motion requesting to file a delayed appeal was filed more than 44 days after the entry of judgment, the Court lacks jurisdiction to grant his motion. Accordingly, his request to filed a delayed appeal is **DENIED** (Doc. 22).

## II.     Title 28 U.S.C. § 2255 Motion

Based upon the allegations made in the document and the fact that it is untimely under Rule 4 of the Federal Appellate Rules, the Court concludes the document is more properly construed as a motion filed pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Because Defendant failed to file a proper § 2255 motion specifying all the grounds for relief along with the facts supporting each ground, the Clerk is **DIRECTED** to send Defendant the proper forms to file a motion pursuant to 28 U.S.C. § 2255.

Defendant is **ORDERED** to return a sufficient motion within **thirty (30) days** from the date of this motion. Defendant is reminded he must identify each ground for relief; set forth, in summary form, the facts supporting each of the grounds; print, type, or legibly handwrite his petition; and sign it under penalty of perjury as required under Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant is **ORDERED** to inform the Court, and the government's counsel of record, immediately of any address change.

ENTER:

<i>/s/Harry S. Mattice, Jr.</i><br>
HARRY S. MATTICE, JR.<br>
UNITED STATES DISTRICT JUDGE