ELLIS HUGHLETT, )
)
v. )     No.    1:13-CV-204/1:10-CR-84
)     *Judge Mattice*
UNITED STATES OF AMERICA, )


## MEMORANDUM

 Ellis Hughlett ("Hughlett"), by and thorough counsel, Attorney Anthony Martinez, has filed a motion and memorandum pursuant to 18 U.S.C. § 3582(c)(2), requesting the Court to reduce his sentence, and a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asking the Court to vacate his sentence and resentence him (Criminal Docs. 24, 27, & 28).[1]   Both motions rely on *Dorsey v. United States,* 132 S.Ct. 2321 (2012) (holding the Fair Sentencing Act ("FSA"), with its more lenient penalties applies to defendants sentenced on or after the act's effective date of August 3, 2010, even if the offense was committed before that date) and the retroactivity of the FSA.

 Hughlett pleaded guilty, with the benefit of a plea agreement, to the one-count Indictment filed against him for distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and was sentenced to the mandatory minimum sentence of 120 months imprisonment.  Hughlett alleges his sentence is unconstitutional and he is entitled to be re-sentenced under the 2010 Fair Sentencing

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Act ("FSA") pursuant to *Dorsey v. United States,* 132 S.Ct. 2321 (2012). Although the United States agrees in its response to Hughlett's § 2255 motion that, because Hughlett was sentenced after August 3, 2010, for an offense involving crack cocaine, the "new, more lenient mandatory minimum provisions" of the FSA apply to him and reduce his mandatory minimum sentence to five years, it defers to the Court's discretion whether to modify Hughlett's sentence in light of *Dorsey,* subject to consideration of the 18 U.S.C. § 3553(a) factors (Criminal Doc. 31).

After reviewing the parties' filings, the relevant law, and the record, the Court concludes the motion to reduce Hughlett's sentence pursuant to 18 U.S.C. § 3582(c)(2) will be **DENIED** (Criminal Doc. 24) and the § 2255 motion will be **GRANTED** (Criminal Doc. 28). The judgment of conviction entered against Hughlett on January 4, 2011, will be **AMENDED** and **CORRECTED** pursuant to 28 U.S.C. § 2255 to the following limited extent. The sentence in criminal case number 1:10-cr-84 will be **VACATED** and the Clerk will be **ORDERED** prepare a new judgment to reflect Hughlett's corrected and recalculated sentence based on the applicable FSA's reduced mandatory minimum that is applicable to him.

I.     **18 U.S.C. § 3582(c)(2) Motion**

Prior to filing his § 2255 motion, Hughlett filed a motion for a sentence reduction under 18 U.S.C. § 3582(c) raising the same arguments as he does in his § 2255 motion, i.e., he is entitled to be resentenced under the FSA and *Dorsey* (Criminal Doc. 24).[1] In *Dorsey,* the Supreme Court concluded the more favorable provisions of the FSA applied

---

[1]     In his memorandum in support of his § 2255 motion, Hughlett's counsel, citing an Eastern District of Tennessee decision rendered after filing Hughlett's § 3582(c)motion, now acknowledges the sentence reduction he requests is not authorized under § 3582(c), but rather, such relief should be pursued pursuant to § 2255 (Criminal Doc. 29, pp.2-3).

to defendants sentenced after its effective date, including the changes made to mandatory minimum sentences.

The government opposes the motion, in effect arguing that § 3582(c)(2) permits a sentenced to be reduced only when a defendant's sentencing range has subsequently been lowered by the Sentencing Commission, not when Congress establishes a new mandatory minimum sentence or as a result of a Supreme Court decision. Therefore, according to the government, § 3582(c)(2) provides Hughlett with no avenue for relief under *Dorsey*. *See United States v. Passmore*, 503 Fed. Appx. 340, 341 (6th Cir. 2012) (affirming district court's decision it had no authority to reduce Passmore's sentence under § 3582(c)(2) based on the changed mandatory minimum sentence and noting its "decision is not intended to limit Passmore's ability to challenge her sentence under 28 U.S.C. § 2255.").

Title 18 U.S.C. § 3582(c) prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which are applicable to Hughlett's case. Section 3582(c)(2), in pertinent part, only gives the Court authority to reduce a sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . ."

Given that Hughlett was sentenced pursuant to a statute, and not under the United States Sentencing Guidelines, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Because the retroactive Guidelines amendment itself does not alter the mandatory minimums, § 3582(c)(2) does not confer jurisdiction of this Court to resentence Hughlett. Although in hindsight of

*Dorsey*, the mandatory minimum was improperly imposed in Hughlett's case and he is subject to the lower mandatory minimums, § 3582(c)(2) is not the proper vehicle for obtaining relief because it "permits modification of a sentence only where the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Parker*, 358 Fed. Appx. 632, 633-34 (6th Cir. 2009) (quoting § 3582(c)(2)). In order to benefit from a later-amended Guideline, a defendant's sentence must have been "based on" the guideline rather than another provision, such as a mandatory minimum sentence. *Id.*; *United States v. Johnson,* 564 F.3d 419 (6th Cir. 2009).

Although Hughlett's sentencing guideline range was 87 to 108 months, his effective guideline range was 120 months based on the minimum mandatory term of imprisonment pursuant to Title 21 U.S.C. § 841(a)(1) and (b)(1)(A). Consequently, Hughlett's sentence was not based on a subsequently lowered guideline range, it was based on a subsequently lowered mandatory minimum. The Court sentenced Hughlett to 120 months, as the Court believed it was required to by statute at the time. Based on the language of § 3582, the Court concludes it lacks the authority to reduce Hughlett's mandatory minimum sentence pursuant to § 3582(c)(2).

Instead, it appears the Court's authority to correct Hughlett's sentence in this circumstance is derived from 28 U.S.C. § 2255. *See e.g.*, *United States v. Passmore,* 503 Fed. Appx. 340, 341 (6th Cir. 2012); *United States v. Floore,* 2012 WL 3765132 (S.D. Ill. Aug. 30, 2012) ("The proper vehicle to grant defendant such relief [under *Dorsey*] is a petition pursuant to 28 U.S.C. § 2255 . . . ."). As previously noted, Hughlett has submitted a § 2255 motion requesting the Court to vacate his sentence and

resentence him based on the FSA and the Supreme Court's opinion in *Dorsey*. Therefore, the Court now turns to Hughlett's § 2255 motion.

## II.    STANDARD OF REVIEW

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction or sentence on the ground that it was imposed in violation of the United States Constitution.  This Court must vacate and set aside the conviction or sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b).

To obtain relief under § 2255 based on an alleged constitutional error, the burden is on a movant to establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).  To warrant relief under § 2255, a movant is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process.  *Davis v. United States*, 417 U.S. 333, 346 (1974); *Griffin*, 330 F.3d at 736; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285

F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959); *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn.1996). Thus, a motion consisting of mere legal conclusions unsupported by factual allegations is insufficient to warrant an evidentiary hearing or § 2255 relief. *Short v. United States*, 504 F.2d 63 (6th Cir. 1974) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court").

## III.  PROCEDURAL HISTORY

On May 25, 2010, the Grand Jury for the Eastern District of Tennessee, Chattanooga Division, filed a one-count indictment charging Hughlett with distribution of cocaine base in violation 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Criminal Doc. 1).

Hughlett pleaded guilty to the indictment on August 11, 2010, pursuant to a written plea agreement with the United States (Criminal Doc. 15). The presentence investigation report ("PSR") calculated Hughlett's sentence based on 52 grams of crack cocaine for a base offense level of 30 (PSR, ¶ 10). After a three-level reduction for acceptance of responsibility, his total offense level was 27 (PSR, ¶¶ 16 & 17). Although Hughlett's criminal history category of III placed her in the Guideline range of 87 to 108 months' imprisonment, he was subjected to the 120-month statutory mandatory

minimum under 21 U.S.C. § 841(b)(1)(A) (PSR, ¶¶ 39 & 40). Hughlett was sentenced to 120 months imprisonment based on the applicable mandatory minimum on December 13, 2010, and his judgment was entered on January 4, 2011 (Criminal Doc. 21, Judgment). Hughlett did not file a timely direct appeal but filed the instant § 2255 motion on June 20, 2013, which is within one year from the Supreme Court's June 20, 2012, opinion in *Dorsey*. *See* 28 U.S.C. § 2255 (f)(3) (Criminal Doc. 28, § 2255 motion).[2]

## IV.    FACTS

As part of his plea agreement, Hughlett agreed and stipulated to the following facts:

> On or about February 24, 2010, in Hamilton County, Tennessee, an undercover police officer ordered two ounces of cocaine base ("crack") from the defendant. Shortly thereafter, defendant delivered fifty-two grams of crack to the undercover officer. As the officer was weighing drugs he gave the takedown signal. Other officers arrived. Defendant fled on foot and was apprehended a short time later.
>
> As part of his plea agreement the defendant admits that he knowingly, intentionally and without authority distributed fifty grams or more of cocaine base ("crack") in Hamilton County, Tennessee.

(Criminal Doc. 15).

## V.    ANALYSIS

Hughlett alleges his sentence is unconstitutional under the 2010 Fair Sentencing Act ("FSA"). Hughlett, who was sentenced for distribution of fifty-two (52) grams cocaine base ("crack") after enactment the Fair Sentencing Act ("FSA") of 2010, Pub. L.

---

[2]    Although the Court's research did not reveal a case specifically stating *Dorsey* was made retroactively applicable to cases on collateral review, triggering the exception under § 2255(f)(3), the Court need not resolve the issue here because the government has not contested the motion on the basis of timeliness or retroactivity, but rather agrees the Court may vacate and resentence Hughlett based on the FSA and *Dorsey*.

No. 111-220, 124 Stat. 2372 ("FSA") was enacted but for conduct that occurred prior to the enactment of the FSA, seeks to reduce his sentence pursuant to the FSA and *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (2012). On August 3, 2010, Congress passed the FSA that, *inter alia*, reduced the statutory penalties for crack cocaine offenses and the disparity in federal criminal penalties between powder and crack cocaine offenses. Specifically, the Act amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10 year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum. 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii); *Dorsey v. United States*, 132 S.Ct. at 2329.

On June 12, 2012, the United States Supreme Court held that the Act's mandatory minimum sentencing provisions apply to all sentences imposed on or after the enactment date of August 3, 2010, regardless of when the offense conduct occurred. *Dorsey v. United States*, 132 S.Ct. at 2335. *Dorsey* holds that the FSA applies to those who committed crimes prior to the passage of the Act but were sentenced after the August 3, 2010, effective date.

The Court finds that the Act applies to Hughlett, who committed his offense involving 52 grams of crack cocaine on February 24, 2010, and was sentenced on December 13, 2010. Under the Act, neither the 10-year mandatory minimum sentence nor the previously calculated Guideline sentencing range apply to Hughlett. Therefore, Hughlett is entitled to relief under the Act, and his previously imposed sentence must be vacated.

Hughlett's previous advisory guideline range was 87-108 months, based on a Criminal History Category III and a total offense level of 27. However, his effective guideline range was 120 months based on the mandatory minimum sentence. The U.S. Probation Office has calculated Hughlett's amended guideline range as 60-71 months, based on a total offense level of 23 and criminal history III category. The Court has reviewed the previous Presentence Report and the USPO's calculation.[3]

## VI. CORRECTION OF SENTENCE-RIGHT TO BE PRESENT AND RIGHT OF ALLOCUTION

The Court "is authorized under Section 2255 to take necessary and appropriate action to correct the entire sentence package in accordance with the comprehensive sentencing scheme embodied in the United States Sentencing Guidelines (USSG)." *United States v. Crowder*, 947 F.Supp. 1183, 1189 (E.D. Tenn. 1996), *aff'd* No. 96-6684, 1998 WL 57292 (6th Cir. 1998). Therefore, the Court will "reevaluate the entire aggregate sentence to ensure that [Hughlett] receives the appropriate sentence . . . i.e., the sentence the Court would have originally imposed on [Hughlett] on Count [One] under the [now applicable] sentencing guidelines . . ." *Id.*

Because there is no additional evidence, nor are there any disputed facts, there is no need for another sentencing hearing as part of the Section 2255 proceeding since, under Rule 32 of the Federal Rules of Criminal Procedure, Hughlett has already had an opportunity at the original sentencing hearing to challenge the accuracy and reliability of the information contained in the presentence investigation report and to present any mitigating evidence. There is also no need to have Hughlett present for this sentence correction. *See Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997)

---

[3] The parties' calculations of the amended guideline range are the same as the USPO's.

("There is no constitutional right to allocution under the United States Constitution . . . [and the] right to speak before the imposition of sentence under Fed.R.Crim.P. 32(c)(3)(C), applies to the original sentence and not to the subsequent resentencing.") (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Thus, the Court will correct Hughlett's sentence without having him present. *See* 28 U.S.C. § 2255 (b) ("If the court finds that the judgment . . . [is] open to collateral attack, . . . the court shall vacate and set the judgment aside . . . and shall . . . resentence him . . . or correct the sentence as may appear appropriate."); 28 U.S.C. § 2255(c) ("A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."). Only considering the facts that were before it during Hughlett's original sentencing, the Court corrects Hughlett's sentence in this § 2255 proceeding as explained below.

## VII. RECALCULATING THE SENTENCE GUIDELINE RANGE

Hughlett's § 2255 motion will be **GRANTED** to the following extent–his 120 month sentence will be **VACATED** and **SET ASIDE** and the Clerk will be **ORDERED** to prepare an amended judgment.

The USPO has recalculated Hughlett's guidelines. Application of the now applicable guideline range results in a reduction of Hughlett's original guideline range of imprisonment of 87 to 108 months. Application of Amendment 750 to this case establishes a lower base offense level of 26. Applying the previous level reductions for acceptance of responsibility his total offense level is 23. With a criminal history category of III, the Court calculates the new sentencing guideline range on Count One to be 57 to 71 months. The FSA mandates a minimum sentence of 60 months, however, so his restricted Guidelines range is 60 to 71 months imprisonment. After

considering the entire record and for the reasons explained during Hughlett's original judgment proceedings, the Court concludes that a sentence at the low end of the guidelines is warranted and that the sentence on Count One will be **AMENDED** and **CORRECTED** to **SIXTY (60) MONTHS** of imprisonment and a four-year term of supervised release.  Hughlett's $100.00 assessment on criminal case number 1:10-cr-84 will remain in effect.

A separate judgment order will enter.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE